JOHN G. ALLEN *vs.* JAMES M. SOMERS, appellant.

Cumberland. Decided June 6, 1878.

*Jurisdiction. Municipal court of Portland.*

The municipal court of Portland has jurisdiction over all such matters and things as justices of the peace, at the time of its establishment, might exercise, irrespective of the residence of the parties litigant within the county.

ON EXCEPTIONS from the superior court.

ASSUMPSIT on account annexed ; *ad damnum,* $20.

*F. C. Nash,* for the plaintiff.

*T. T. Snow,* for the defendant.

APPLETON, C. J. In this action which was made returnable to the municipal court of the city of Portland, the plaintiff and defendant were described as inhabitants of Cape Elizabeth in the county of Cumberland. The general issue was pleaded and judgment was rendered in the municipal court in favor of the plaintiff, from which the defendant appealed and entered his appeal.

The justice presiding ruled that the jurisdiction of the municipal court did not affirmatively appear, as neither of the parties was an inhabitant of Portland, and dismissed the appeal with costs for the defendant. This ruling was erroneous.

By the act of 1856, establishing the municipal court of Portland, c. 204, §2, it is provided that the judge "shall, except when interested, exercise jurisdiction over all such matters and things within the county of Cumberland, as justices of the peace may exercise, and under similar restrictions and limitations ; and concurrent jurisdiction with justices of the peace and quorum in case

of forcible entry and detainer in said county; and exclusive jurisdiction when both parties interested, or the plaintiff and a person. sued as trustee, are inhabitants of Portland."

When this act was passed a justice of the peace had jurisdiction over the county in which he resided, irrespective of the residence of the parties litigant within the county.

In 1866, c. 27, § 1, it was enacted that "all actions between parties residing in the same county, returnable before any trial justice, shall be commenced before some such disinterested justice, residing or holding his court in the town where one of the parties or his attorney or person summoned as trustee in such action, has his residence, and if there is no such justice in, or holding his court in such town, then before such justice, if any, in an adjoining town; otherwise before any such justice in the county." This act is found in the revision of 1871, c. 83, § 7.

But the act of 1866 in no way affects or restricts the jurisdiction of the municipal court of Portland. The jurisdiction of the municipal court remains unaffected by subsequent legislation and as it was when the court was established.

But were it otherwise, the defendant has pleaded the general issue and has neither by plea nor motion negatived the existence of these facts, which would give the court jurisdiction. *Webb* v. *Goddard*, 46 Maine, 505.

*Exceptions sustained.*

WALTON, DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.